UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

                                                      Case No. 1:21-cr-01066-WJ

ERIK SCHLENKER,

        Defendant.

## ORDER DENYING OPPOSED URGENT MOTION FOR TEMPORARY RELEASE FROM CUSTODY

**THIS MATTER** is before the Court on defendant Erik Schlenker's Sealed Urgent Motion for Temporary Release from Custody, filed on October 22, 2021. Doc. 31. The government opposes Mr. Schlenker's motion. Doc. 32. For the following reasons, the Court DENIES Mr. Schlenker's motion.

On May 4, 2021, a criminal complaint was filed against Mr. Schlenker accusing him of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. Doc. 1. Mr. Schlenker was taken into custody on June 7, 2021. Doc. 10. The Court held a preliminary hearing and detention hearing on June 10, 2021. Doc. 15. Mr. Schlenker waived his right to both hearings. Docs. 13, 14. Based on the information in the pretrial services report, the Court ordered Mr. Schlenker detained as both a flight risk and a danger to the community. Doc. 16. The Court based its ruling on Mr. Schlenker's prior criminal history; his participation in criminal activity while on probation, parole, or supervision; his history of substance abuse; his prior failures to appear in court as ordered, and his prior violations of probation, parole, or supervised

release. *Id.* at 2–3. On July 27, 2021, a federal grand jury returned an indictment against Mr. Schlenker, accusing him of the same crime contained in the criminal complaint. Doc. 20.

On October 22, 2021, Mr. Schlenker moved this Court to either temporarily release him under 18 U.S.C. § 3142(i), or to reconsider its prior order of detention primarily because his 79-year-old mother is in very poor health and needs his assistance. *See* Doc. 31. Mr. Schlenker also suggests that his possession of the gun in his pocket was not purposeful. *See id.* at 2–4. He further states that he was infected with Covid while in custody and continues to suffer from some symptoms, *id.* at 6, and that he needs to be released so that he can accompany his counsel and an investigator to the place near Las Vegas where he was arrested, *id.* at 9. The government responds by arguing that Mr. Schlenker has not met the standard for reopening the detention hearing or reconsidering the order of detention, and that all the relevant factors favor Mr. Schlenker's continued detention. *See* Doc. 32. The government also argues that Mr. Schlenker has not provided sufficiently compelling reasons for his temporary release under 18 U.S.C. § 3142(i). For the following reasons, I agree with the government.

First, Mr. Schlenker has not given the Court a reason to reconsider its original detention order. A Court may grant a motion to reconsider only if it has misapprehended the facts or law, a party's position, or to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them. *United States v. Randall*, 666 F.3d 1238, 1241–42 (10th Cir. 2011). Mr. Schlenker has made no argument that the Court misapprehended anything at the original detention hearing, or that the Court clearly erred in detaining Mr. Schlenker, or that release is required to prevent manifest injustice. *See* Doc. 31.

Second, although a judicial officer may reopen a detention hearing, she may do so only if she "finds that information exists that was not known to the movant [Mr. Schlenker] at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). In his motion, Mr. Schlenker argues that at the time of the detention hearing, he "was not privy to his mother's medical records," and that the "records demonstrate that indeed his mother was experiencing a life-threatening event on the night he was arrested." *See* Doc. 31 at 8. The medical records, however, do not constitute new information that wasn't known to Mr. Schlenker at the time of the detention hearing. The events described in the criminal complaint took place on January 26, 2021, and the medical records attached to Mr. Schlenker's response are dated January 28, 2021. The detention hearing in this case did not take place until June 10, 2021—more than four months after Mr. Schlenker's mother was taken to the hospital. Consequently, even if Mr. Schlenker did not have his mother's medical records, he surely knew her condition. Furthermore, the health of Mr. Schlenker's mother does not change the Court's assessment as to "whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." *See* 18 U.S.C. § 3142(f)(2). Mr. Schlenker was living on his mother's property when he committed this offense, and Mr. Schlenker has provided no information as to how permitting him to return to live with his mother would alleviate the Court's concerns that Mr. Schlenker is both a flight risk and a danger to the community. The Court will not reopen the detention hearing.

Finally, with regard to Mr. Schlenker's request that he be released temporarily under 18 U.S.C. § 3142(i), relief under § 3142(i) should be used sparingly. *United States v. Alderete*, 336

F.R.D. 240, 266 (D.N.M. 2020).  Furthermore, Mr. Schlenker bears the burden of proof under § 3142(i) in showing that his temporary release is "necessary . . . for another compelling reason." *See United States v. Clark*, 448 F. Supp. 3d 1152, 1155 (D. Kan. Mar. 25, 2020); *United States v. Reese*, 2012 WL 13080791, *2 (D.N.M. Apr. 2, 2012).  Unfortunately, a family member's illness or ill health is relatively common and does not constitute a compelling reason to release a defendant who otherwise poses a risk of nonappearance and/or is a danger to the community.  As Judge Browning explained:

> The decision whether to release a defendant temporarily under § 3142(i) is . . . intertwined with the factors that the . . . judicial officer consider(s) at the defendant's detention hearing[] because the risk of nonappearance and danger to the community are front and center in the judicial officer's mind as he or she decides how compelling the defendant's reason for temporary release is.  These factors never go away.

*Alderete*, 336 F.R.D. at 269.  In addition, Mr. Schlenker's one-sentence statement that it's "imperative [that] he be released to accompany counsel and an investigator to inspect the area [where he was found with a gun], and obtain accurate videos, photos and maps" is insufficient to show that he needs to be released to assist in his defense.  As the government points out, it has produced in discovery several videos that document the circumstances of Mr. Schlenker's arrest.  Defense counsel may use the information provided in discovery as well as any additional information provided by Mr. Schlenker to locate the area where Mr. Schlenker was arrested.  Mr. Schlenker has not carried his burden of proving that a compelling reason warrants his temporary release.

**IT IS THEREFORE ORDERED** that defendant Erik Schlenker's opposed Urgent Motion for Temporary Release from Custody (Doc. 31) is denied.

DATED this 18th day of November 2021.

_____
Laura Fashing
United States Magistrate Judge